# EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

CASE NO.: 2020-CA-000458-P

DANIEL BETANCOURT,

     Plaintiff,

v.

IMPACT WINDOWS GROUP, LLC
a Florida company,

     Defendants.

_____/

Job # 1581
Date: 1/12/2021   Time: 11:13a
Initials: ____   ID #: 171
Military: Y/N   Married: Y/N

## SUMMONS

To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on Defendant:

     **IMPACT WINDOWS GROUP LLC**
     c/o Registered Agent Michael S. Ed
     31 Ocean Reef Dr. Ste B 209
     Key Largo, Florida 33037

     A lawsuit has been filed against you.  You have **20 Calendar Days** after this summons is served on you to file a written response to the attached Complaint with the clerk of this court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written responses to the Plaintiff's Attorney's named below:

By: /s/ Monica Espino, Esq
Monica Espino, Esq.FBN. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*

## TO THE STATE OF FLORIDA

**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED ON ___December 18___, 2020.

KEVIN MADOK
Clerk of said Court

By: _____
Deputy Clerk

Filing # 118239914 E-Filed 12/15/2020 02:19:03 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>  COUNTY, FLORIDA

<u>Daniel Betancourt</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>IMPACT WINDOWS GROUP LLC</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Monica Espino Esq
    Attorney or party

Fla. Bar # 834491
    (Bar # if attorney)

Monica Espino Esq
 (type or print name)

12/15/2020
Date

Filing # 118239914 E-Filed 12/15/2020 02:19:03 PM

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

DANIEL BETANCOURT,                                      CASE NO.:

      Plaintiff,

v.

IMPACT WINDOWS GROUP, LLC.
a Florida company,

      Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiff, Daniel Betancourt, under the Age Discrimination in Employment Act (ADEA)
(29 U.S.C. § 621 *et seq.*), files this Complaint against Defendant, Impact Windows Group, LLC
and alleges, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages, in which the amount in controversy is in excess of Thirty
Thousand and No/100 ($30,000.00) Dollars, exclusive of interest, court costs, and
attorney's fees.

2.     Defendant was a Florida company, authorized to conduct and conducting business in
Monroe County, Florida.

3.     At all material times, Plaintiff was *sui juris* and a resident of Miami-Dade County,
Florida.

4.     Venue is proper in Monroe County, Florida as the events or omissions giving rise to the
claims occurred in this county.

## GENERAL ALLEGATIONS

5.  Plaintiff worked for Defendant as an installer for fifteen (15) years from approximately 2004 through 2019.

6.  As an installer, Plaintiff installed and repaired windows, shutters, and doors.

7.  Plaintiff was the most experienced employee of Defendant and he performed his job skillfully and positively contributed to the success of the company.

8.  In fact, Defendant charged Plaintiff with the duty of training new employees with no experience on how to install windows and doors.

9.  Towards the end of Plaintiff's employment, Defendant began hiring younger employees and paying them more than Plaintiff, who had decades of experience and who was training these same new employees.

10. For example, Defendant paid Plaintiff $19.00, per hour, and Plaintiff's much younger newly hired installers with no experience were paid $23.50 per hour.

11. Plaintiff was replaced by Richard Martinez.

12. In addition, Plaintiff trained numerous significantly younger employees with no experience as installers, including but not limited to, Richard Martinez, Rafael Abod, Ulysses Moreno, Claude Adoux, Maykel Gonzalez, Harold Soto, Jose Rios, and Arsenio Gonzalez.

13. All of the individuals in the collection above were approximately twenty (20) years younger than Plaintiff.

14. Despite having fifteen (15) years' worth of experience with Defendant and despite still possessing the ability to do the job, Plaintiff was discriminated against and unlawfully discharged due to his age.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On March 3, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

16. On October 5, 2020, the EEOC provided Plaintiff with a Notice of Right to Sue (attached hereto as **Exhibit A**).

17. The Notice of Right to Sue granted Plaintiff the right to file a lawsuit under the ADEA in federal or state court within ninety (90) days of receipt of the Notice.

18. Plaintiff has complied with all conditions precedent to filing this action.

## COUNT I
## AGE DISCRIMINATION (ADEA)

19. Plaintiff re-alleges the allegations in paragraphs one (1) through fifteen (15) above.

20. This is an action against Defendant for age discrimination in violation of the ADEA.

21. Defendant was an "employer" under the ADEA as defined by 29 U.S.C. § 630(b).

22. Plaintiff was an "employee" under the ADEA as defined by 29 U.S.C. § 630(f).

23. Plaintiff was a member of the protected group over the age of forty, as he was sixty-two (62) years old at the time of the discrimination.

24. On or about October 2019, Plaintiff suffered an adverse employment when he was terminated by Defendant.

25. Plaintiff's position was filled by Richard Martinez, believed to be at least fifteen (15) years younger than Plaintiff.

26. Plaintiff was qualified to do the job from which he was discharged as demonstrated by the fact that he had held the same position for fifteen (15) years and had been tasked with training new employees, including his replacement on how to do the job.

27.   Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

28.   Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.   Award Plaintiff for his past and future loss of wages and benefits, plus interest;

B.   Order Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

C.   Award Plaintiff liquidated damages, equal to the sum amount of backpay and interest;

D.   Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

E.   Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury, under the laws of the United States of America, and under 28 U.S.C. § 1746, that the foregoing is true and correct.

Daniel Betancourt

Respectfully submitted this 15 day of December, 2020.

4

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172

*Attorney for Plaintiff*

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

EXHIBIT "A"

To: **Daniel Betancourt**
    **1231 Kia Drive**
    **Homestead, FL 33033**

From:  **Miami District Office**
       **Miami Tower, 100 S E 2nd Street**
       **Suite 1500**
       **Miami, FL 33131**

|   | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2020-03604** | Erline Jocelyn, Investigator | **(786) 648-5800** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Christopher Bashaw*

Enclosures(s)

FOR **BRADLEY A. ANDERSON,**
      **District Director**

10/05/2020

*(Date Mailed)*

cc:
**Respondent's Representative**
Michael Ed, Owner
**IMPACT WINDOWS**
31 Ocean Reef Drive
B209
Key Largo, FL 33037

**Charging Party's Representative**
Monica Espino, Esquire
**ESPINO LAW, PL**
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR MONROE COUNTY

CASE NO: 2020-CA-458-P

DANIEL BENTANCOURT,

      Plaintiff(s),

v.

IMPACT WINDOWS GROUP, LLC,

      Defendant(s).

_____/

## SCHEDULING ORDER

THIS CASE having been reviewed by the Court pursuant to Rule 1.200(a), Florida Rules of Civil Procedure, and Rule 2.085, Florida Rules of Judicial Administration, with regards to the Court's obligations thereunder, and the Court being fully advised in the premises, it is hereby,

ORDERED as follows:

## MEET AND CONFER TO CREATE AGREED DEADLINES FOR CASE:

Within 20 days of the entry of appearance of counsel, counsel are ordered to meet and confer, to discuss and stipulate to reasonable time deadlines for this scheduling order, that are agreeable to all parties, and may more closely meet the needs of the litigants, given the nature of the case and matters in controversy. The form of the order may not be generally changed without leave of Court. If all counsels are able to reach an agreement on suitable deadlines which differ from the deadlines set forth herein, counsel shall submit an Agreed Scheduling Order to the Court for entry. The Court will generally not approve agreed modifications which would put the case beyond the Florida Supreme Court's time standards, absent good cause shown. Unless and until such time as all counsel have complied with this provision, and an Agreed Scheduling Order has been entered, the deadlines set forth hereafter shall govern this case. The procedure set forth above may also be used by counsel to seek modification of the Scheduling Order as the case progresses, as may be helpful to the parties and counsel.

Counsel herein are advised that the deadlines set forth herein will not be extended solely by reason of the failure to serve process on parties, addition of new parties, claims or counterclaims to the case, pendency of motions directed to the pleadings, changes in the trial date, or stipulations between the parties or their counsel, absent good cause shown and an order specifically extending the deadlines.

1. **PLAINTIFF ORDERED TO SERVE SCHEDULING ORDER**: Plaintiff's attorney is hereby Ordered to serve a copy of this Scheduling Order on each Defendant once service is obtained, and further, shall serve a copy on any new party to the action, within ten days of service of pleadings on that party.  Any party not timely served with the Scheduling Order who has thereby been deprived of time to complete deadline items shall discuss this with all other counsel and seek a stipulated amendment to the deadlines, failing which the aggrieved party may seek relief from the Court.

2. **FACT WITNESSES AND EXHIBITS:**  All fact witnesses and exhibits must be disclosed no later than **90 days** from entry of this Order, by the party bearing the burden of proof on the issue the witness will testify on; the party not bearing the burden of proof on that issue will have an additional 30 days thereafter to disclose witnesses, if any.

3. **EXPERT WITNESSES:**  All expert witnesses must be disclosed no later than **120 days** from entry of this Order by the party bearing the burden of proof on the issue that the expert will testify on; the party not bearing the burden of proof on that issue shall have an additional 30 days thereafter to disclose experts, if any.

4. **DISCOVERY DEADLINE:**  All discovery (including obtaining rulings on discovery motions) shall be completed **180 days** from entry of this Order.  "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved.  This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony and of record custodians must be completed prior to the Pretrial Conference, and no continuances will be granted as a result of failure to comply with this requirement.

5. **DISCOVERY DISPUTES:**  All counsel are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute.

6. **MOTION PRACTICE AND PROCEDURE**:

   a. **GENERAL MOTION FILING DEADLINE:**  All motions, (excluding discovery motions which are controlled by paragraph 4, above) shall be filed no later than 30 days after the discovery deadline.  Any motion filed after that date will be deemed untimely and may be thereupon denied.

   b. **GENERAL MOTION HEARING DEADLINE:**  Timely filed motions shall be scheduled and heard no later than 60 days after the discovery deadline.  Any motions not heard by that date may be denied as untimely.

c. **MOTIONS DIRECTED TO THE PLEADINGS**: All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within 60 days of the date of filing of the motion. Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above. These requirements may be excused only upon good cause shown, upon motion of any party and order of the Court.

d. **MOTION SETTING:** Motions may be heard by the Circuit Judge or before a Special Magistrate. If you or your client prefer to have the hearing before the Circuit Judge, instead of a Special Magistrate, please call Judicial Assistant, Kathy Rupp, at (305) 292-3433, the day before the scheduled hearing so that your case may be placed on the Judge's docket.

**Open Motion Calendar**: Non-telephonic motions of 30 minutes or less may be scheduled on the court's Open Motion calendar by calling the Clerk of Court, Civil Division, at (305) 292-3458. Open motion hearings in which any party is appearing by telephone may only be scheduled in the afternoon session, and are limited to 15 minutes. No telephone appearances will be permitted in the morning open motion session. Motions in excess of 30 minutes and all evidentiary motions may be specially set by calling Judicial Assistant, Judge Koenig's office, at (305) 292-3433. No evidentiary motions are permitted on the open motion calendar.

e. **TELEPHONIC PROCEDURE:** All counsel or parties appearing telephonically shall utilize Zoom until further notice, unless otherwise directed by the court.

f. **MOTION PROCEDURE**: Motions shall be filed with the Clerk before hearing time is reserved. A courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least 5 days before the hearing for all telephonic hearings, or a courtesy copy shall otherwise be brought to the hearing for the court's use. Should the Court find that there is no motion in the Court file at the time of the hearing, the hearing may be cancelled.

Motions must be set for hearing within 90 days of filing, except as limited in paragraph (a), above. Oral argument shall be deemed waived on motions not heard within 90 days of filing. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

g. **ALL MOTIONS AND DEPOSITION DATES TO BE CLEARED:**
Counsel shall not schedule a motion hearing or a deposition on a date or time that has not been cleared on all other counsel's calendar(s). The lawyer setting the hearing has the responsibility to determine if any other lawyer wishes to appear telephonically, and if so, the matter may only be set on the afternoon

telephonic docket.  If counsel are unable to agree on dates or times for hearings or depositions, the moving party shall set the dispute for hearing by motion on a time and date provided by the Court's Judicial Assistant.  All counsel may be required to personally attend such hearings with their calendars, and no telephonic appearance will be permitted, absent leave of Court.

h. **MEET AND CONFER REQUIREMENT:**  Counsel shall meet and confer regarding all disputed issues <u>before</u> setting a hearing to resolve those issues on motion.  Failure to comply with this requirement may result in removal of motions from the docket, rescheduling of motions by the Court, denial of motions, or sanctions, as appropriate.

i. **EMERGENCY MOTIONS:**  An emergency motion is based on an immediate threat to life, limb or property.  The Court will set aside all other pending matters to address <u>bona fide</u> emergencies.  Scheduling conflicts between counsel, last minute attempts to modify deadlines, and similar issues are not "emergencies" and may not be styled as such to obtain expedited relief from the Court.  Counsel are directed to meet and confer regarding such issues and either submit a stipulation and agreed order, or to schedule such matters for hearing on the Court's regular motion calendar.

7. **MEDIATION REQUIREMENT:**  The Court requires mediation in all civil cases, unless otherwise ordered.  This order shall constitute a referral to mediation by the Court pursuant to Fl.R.Civ.Pro. 1.700(1), and the rules, procedures and other requirements set forth in Rules 1.700-1.730, are applicable, including the imposition of sanctions, which includes attorney's fees and costs, <u>inter alia</u>, regarding all mediations conducted in or regarding this case.  The parties will complete mediation of this case after the Motion Hearing Deadline and before the Pre-trial Conference.  Previous, unsuccessful attempts at mediation may not be deemed a sufficient basis to be excused from this mediation requirement.  Plaintiff's counsel is directed to coordinate the mediation with all other counsel.  All parties are ordered to appear in person for the mediation, and a claims adjuster with full settlement authority is also ordered to appear in person in cases where any portion of the defense is being conducted by an insurance carrier. Failure to comply with this requirement may be sanctioned by the Court as appropriate.  If no mediation report showing compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

8. **MOTIONS IN LIMINE:**  These motions must typically be filed and heard as set forth above.  The Court will hear motions in limine after these deadlines only upon a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

9. **TRIAL SETTING AND PRETRIAL CONFERENCE.**  Counsel are advised that this Order is not a Trial Order, but is a Scheduling Order to enforce compliance with time standards set forth below.  By Separate Trial Order, this case will be set for

trial no less than 30 days after expiration of the General Motion Hearing Deadlines. Counsel are directed to be fully prepared for trial by this date. Counsel shall notify the Court immediately, if trial of this cause is anticipated to be longer than 5 days, by serving and filing a Notice of Anticipated Lengthy Trial estimating the number of trial days, and delivering a copy of same to the Judge's Chambers.

10. **OVER TIME STANDARDS CASES:** Counsel are advised that discovery will not be reopened, and continuance of the trial date will not be granted for cases that have exceeded these time standards:
(Civil: 18 months from the filing of the Complaint ("FFOC") for jury cases, 12 months FFOC for non-jury cases; Family –Contested: 180 days FFOC, Uncontested: 90 days FFOC) absent a showing of extraordinary circumstances that justify such a
request.

11. **SETTLEMENT:** Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this _18_
day of _Dec._ 2020.

_T. J. Koenig_

TIMOTHY J. KOENIG
CIRCUIT JUDGE

cc:     Monica Espino, Esq. – me@espino-law.com

## RETURN OF SERVICE



☐ ORIGINAL

State of Florida

County of Monroe

Circuit Court

Case Number: 2020-CA-000458-P

Plaintiff:
**DANIEL BETANCOURT**

vs.

Defendant:
**IMPACT WINDOWS GROUP, LLC, a Florida company**

For:
Monica Espino, Esquire
Espino Law
2655 South Le Jeune Road
Suite 802
Coral Gables, FL 33134

Received by Pro Servers, Inc. on the 18th day of December, 2020 at 4:00 pm to be served on **IMPACT WINDOWS GROUP, LLC through its Registered Agent MICHAEL S. ED, 31 OCEAN REEF DRIVE, SUITE B 209, KEY LARGO, Monroe County, FL 33037**.

I, Yvette Gonzalez-Valdes, do hereby affirm that on the **12th day of January, 2021 at 11:13 am, I:**

served by **LIMITED LIABILITY COMPANY** pursuant to F.S. 48.062(1) by serving a true copy of the **Civil Action Summons and Civil Cover Sheet and Verified Complaint with Exhibits and Scheduling Order** with the date and hour of service endorsed thereon by me, to: **JOHN DAZ for Registered Agent MICHAEL S. ED as Sales Manager** of the Registered Agent, at the address of: **31 OCEAN REEF DRIVE, SUITE B 209, KEY LARGO, Monroe County, FL 33037**, and informed said person of the contents therein, in compliance with state statutes. Service was made in this fashion, on an employee of the registered agent, when the registered agent is temporarily absent and/or fails to make him/herself available at his or her office.

**Description** of Person Served: Age: 39, Sex: M, Race/Skin Color: Hispanic, Height: 5'9", Weight: 175, Hair: Dark Brown, Glasses: N

I certify that I am over 18 and have no interest in the above action, and am an appointed Special Process Server, in good standing, in the 16th Judicial Circuit in and for Monroe County, FL. Under penalties of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true. Notary Not Required (F.S. 92.525).

**Yvette Gonzalez-Valdes**
SPS #171

**Pro Servers, Inc.**
214 Apache Street
Tavernier, FL 33070
(305) 741-7761

Our Job Serial Number: EQE-2020001581
Ref: BETANCOURT/ IMPACT WINDOWS

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.0n

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

CASE NO.: 2020-CA-000458-P

DANIEL BETANCOURT,

     Plaintiff,

v.

IMPACT WINDOWS GROUP, LLC
a Florida company,

     Defendants.

_____/

Job # 1581
Date: 1/12/21   Time: 11:13am
Initials: YBV   ID #: 171
Military: Y/N   Married: Y/N

**SUMMONS**

To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on Defendant:

    **IMPACT WINDOWS GROUP LLC**
    c/o Registered Agent Michael S. Ed
    31 Ocean Reef Dr. Ste B 209
    Key Largo, Florida 33037

    A lawsuit has been filed against you. You have **20 Calendar Days** after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written responses to the Plaintiff's Attorney's named below:

By: /s/ Monica Espino, Esq
Monica Espino, Esq.FBN. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*

**TO THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.**

DATED ON _December 18_, 2020.

KEVIN MADOK
Clerk of said Court

By: _____
Deputy Clerk